# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-81070-BB

HARRY SARGEANT, III,

    Plaintiff,

v.

MAROIL TRADING, INC.,
SEA PIONEER SHIPPING CORPORATION, and
WILMER RUPERTI PEDROMO, individually,

    Defendants,
and

LATIN AMERICAN INVESTMENTS, LTD.,

    Intervening Defendant.

---

## STIPULATED PROTECTIVE ORDER

THIS CAUSE is before the Court on the Parties' Agreed Motion to Enter Stipulated Protective Order, ECF No. [74]. Following review of the Motion, the record and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 5.4 and Section 5A of the CM/ECF Administrative Procedures, it is **ORDERED AND ADJUDGED** the Motion is GRANTED and that:

    1.    "Litigation" shall mean the above-captioned litigation and any other legal dispute involving any of the parties to the above-captioned litigation, in Florida or elsewhere.

    2.    "Party" shall mean Plaintiff and Defendants in the above-captioned litigation. This Order governs the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of Documents, and all other discovery obtained in the above-captioned litigation (hereinafter "Discovery Material") to the extent they contain CONFIDENTIAL or HIGHLY

1

CONFIDENTIAL information as defined in this Order. "Producing Party" shall refer to the Party that gives testimony or produces Discovery Material; the "Designating Party" is the Party who designates information under this Order (who can be the Producing Party or another Party or Third Party); and "Receiving Party" shall refer to the Parties that receive the Discovery Material. This Order shall also apply to production of Discovery Material from Third Parties, if so elected by the Third Parties as provided in Paragraph 11 and to the extent documents produced by Third Parties include COVERED INFORMATION of any Party hereto.

## CATEGORIES OF PROTECTED MATERIAL

3. **Designation of Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"**: Any Producing Party may designate its Discovery Material (or its confidential information contained in another party's Discovery Material) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the Producing Party in good faith believes it contains COVERED INFORMATION as defined below.

4. **"CONFIDENTIAL Material"** means any Discovery Material that contains confidential or sensitive non-public information, including business, commercial, technical, marketing, planning, research, or information of any Party or Third Party, and which has been designated CONFIDENTIAL for purposes of the above-captioned litigation.

5. **"HIGHLY CONFIDENTIAL Material"** means any Discovery Material that a Party or Third Party reasonably believes to be economically, competitively, or personally sensitive and that warrants the extra layer of protection described below. By way of example, and not limitation, "HIGHLY CONFIDENTIAL Material" includes strategic planning information; negotiation strategies; proprietary software or systems; proprietary edits or customizations to software; pricing information; non-public product design or testing information or extremely

sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which would create a substantial risk of competitive or business injury to the Designating Party, or highly sensitive individual personal or financial information of any Party or Third Party.

6. "CONFIDENTIAL Material" and "HIGHLY CONFIDENTIAL Material" shall not include information that has been intentionally publicly disclosed by the Designating Party.

7. "CONFIDENTIAL Material" and "HIGHLY CONFIDENTIAL Material" are collectively defined as "COVERED INFORMATION."

## GENERAL PROVISIONS

8. A Party or Third Party may designate Discovery Material as COVERED INFORMATION in the following manner:

   a. **TIFF or PDF Documents**: In the case of documents or other materials (apart from depositions or other pre-trial testimony), by affixing the appropriate legend to each page of the document.

   b. **Native Documents**: With respect to documents produced in native format, by including the designation in the file name.

   c. **Depositions**: In the case of depositions or other pre-trial testimony, by designating the portion of the transcript on the record during the deposition or by written notice served on counsel of record in the above-captioned litigation within thirty days after the receipt of the transcript ("transcript" does not include an ASCII or rough transcript). Before the thirty day period expires, the testimony shall be treated as HIGHLY CONFIDENTIAL Material.

d. **Non-Written Materials.** In the case of non-text COVERED INFORMATION (e.g., videotape, audio tape, computer disk), by labeling the outside of the material with the designation.

9. **Production of COVERED INFORMATION Without Designations**: The failure to designate Discovery Material as CONFIDENTIAL Material or HIGHLY CONFIDENTIAL Material does not constitute a waiver and may be remedied by prompt written notice upon discovery of the failure.

10. **Counter Designations of COVERED INFORMATION**: Any Party may designate, or counter-designate with a higher designation, Discovery Material produced by any Party or Third Party if the materials contain or are derived from that Party's own COVERED INFORMATION. If a Party counter-designates, the Party shall notify the Producing Party in writing of the counter-designation, and the Producing Party will then re-produce the COVERED INFORMATION with the requested confidentiality designation to all Parties who received the original production.

11. **Notice to Third-Parties**: Any Party issuing a subpoena to a third party shall enclose a copy of this Protective Order with a request that, within fourteen (14) days of receipt, the non-party either agree to the terms of this Protective Order or notify the issuing party that the third party does not seek the protection of this Protective Order.

12. **Objections to Designation or Treatment of COVERED INFORMATION**: Any Party may, in good faith, object to the designation of any Discovery Material as COVERED INFORMATION at any time. The objecting Party must state its objection in writing, specifying (by Bates numbers if possible) the Discovery Material challenged and explaining the basis for each objection. The objecting Party shall make a good faith effort to resolve the dispute with the

Designating Party and shall provide the Designating Party the opportunity to revise its designation before raising the issue with the Court. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether the document is COVERED INFORMATION. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order remain in effect. No delay in objection or challenge to the designation of any Discovery Material or Data as COVERED INFORMATION shall constitute or be deemed a waiver of the right to assert such objection or challenge at any point during the Litigation.

## AUTHORIZED DISCLOSURES OF COVERED INFORMATION

13. **Persons Authorized to Receive CONFIDENTIAL Material**: Discovery Material designated under Paragraph 3, above, may be disclosed only to the following persons:

   a. the Parties, including members of the in-house legal departments for the Parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel assisting them in the Litigation;

   b. the Parties' outside counsel (including foreign outside counsel assisting with the Litigation), including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial and clerical personnel assisting them in the Litigation;

   c. Outside Counsel for any Third Party, including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial and clerical personnel assisting them, involved in the Litigation ("Third-Party Outside Counsel"), provided that: (i) the disclosure is limited to COVERED INFORMATION of any Party that is a named defendant in the above-captioned

litigation; (ii) no disclosure shall be made to any expert or consultant who is employed by a competitor of the Producing Party; (iii) the Third-Party Outside Counsel, including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial and clerical personnel assisting them, have signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A; and (iv) ten days written notice be provided to any Party whose Covered Information will be disclosed to a Third-Party Outside Counsel in advance of such disclosure in order that the Party has an opportunity to object to the disclosure.

d. the Court and all persons assisting the Court in the Litigation, including court reporters, translators, and clerical personnel, and any Court-appointed Special Master and Mediator, and staff assisting them;

e. Any individual expert, consultant, or expert consulting firm retained by a Party or counsel of record of a Party in connection with the Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, to assist counsel of record in the prosecution or defense of the Litigation, provided, however, that: (a) the recipients use the information solely in connection with the Litigation; (b) the recipient signs the written assurance attached as Exhibit A; (c) excluding any retention for the Litigation, the recipient is neither a current nor former (within the past year from the date of this Order) employee of any Party or any entity which directly competes with any of the Defendants; and (d) provided that the terms of Paragraphs 14, 16 and 18 of this Order are met;

f.  Persons providing litigation support services to counsel for any Party, including translators, photocopying, document storage, data processing, document review, graphic production, jury research or trial preparation services employed by the Parties or their counsel to assist in the Litigation, including contract attorneys and paralegals retained to assist in the Litigation, provided that the requirements of Paragraph 19 of this Order are met and that the person has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

g.  Any person who (1) authored, is listed as a recipient of or is mentioned, discussed or referred to in the COVERED INFORMATION; (2) is or was a custodian of the Discovery Material; (3) is an employee of the party producing or corporate recipient of the COVERED INFORMATION; (4) was an employee of the producing party or corporate recipient of the COVERED INFORMATION and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A,; or (5) who counsel in good faith believes has knowledge of the matters contained in the COVERED INFORMATION, but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

h.  any person who is likely to testify in the Litigation, for the purpose of assisting in the preparation or examination of the witness but only as to the subject matters to which such person is reasonably thought to have specific knowledge

and any information reasonably related thereto, and who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A;

i. Any other person upon order of the Court or upon stipulation of the Designating Party, provided such person has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.

14. **Persons Authorized to Receive HIGHLY CONFIDENTIAL Material**: HIGHLY CONFIDENTIAL Material or their contents may be disclosed only to the persons described in paragraph 13(b)-(f) and (i):

   a. The parties, including members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in the Litigation; and

   b. Any person who (1) authored, is listed as a recipient of, or is mentioned, discussed or referred to in the COVERED INFORMATION sought to be disclosed to that person; or (2) is or was a custodian of the document or material; and (3) who has signed the "Acknowledgment of Stipulated Protective Order" attached as Exhibit A.

Notwithstanding the foregoing counsel may disclose Highly Confidential Material while on the record in a deposition taken in the Litigation to a witness provided: (i) counsel in good faith believes the witness has knowledge of the matters contained in the Highly Confidential Material (but only as to the subject matter to which the witness is reasonably believed to have knowledge); and (ii) counsel in good faith deems it necessary for the prosecution or defense of the Litigation to show the Covered Information to the witness. The witness shall sign the "Acknowledgment of

Stipulated Protective Order" attached as Exhibit A before the material is disclosed. If a dispute arises regarding whether it is necessary for the prosecution or defense of the Litigation to show Highly Confidential Material to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the Highly Confidential Material shall not be disclosed to the witness until such time that the Judge or Special Master can resolve the dispute.

15. **Acknowledgement**: Copies of the executed Acknowledgements shall be retained by counsel for the Party or Parties who disclosed the COVERED INFORMATION. Upon request, copies of all Acknowledgements executed pursuant to this Paragraph shall be disclosed to the Party or Third Party who produced or supplied the COVERED INFORMATION on good cause shown.

16. **Business Records**: A Party's use for any purpose of its own documents and information which it produces or discloses in the Litigation shall not be a violation of this Order.

## USE OF COVERED INFORMATION IN THESE PROCEEDINGS

17. **Use of Discovery Material**: COVERED INFORMATION shall be used solely for purposes of the Litigation, including any appeal. CONFIDENTIAL Material may also be used for root cause investigations conducted by any Party or its outside experts and consultants. Any person in possession of Discovery Material designated COVERED INFORMATION shall maintain those materials in accordance with Paragraph 19 below.

18. **Exclusion of Individuals from Depositions**: Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as COVERED INFORMATION from any deposition where testimony regarding COVERED INFORMATION or the use of COVERED INFORMATION is likely to arise.

19. **Security of COVERED INFORMATION**: Any person in possession of another Party's COVERED INFORMATION shall exercise the same care with regard to the storage, custody, or use of COVERED INFORMATION as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect COVERED INFORMATION from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

   a. COVERED INFORMATION in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access COVERED INFORMATION under this Order;

   b. An audit trail of use and access to litigation support site(s) shall be maintained while the Litigation, including any appeals, is pending;

   c. Any COVERED INFORMATION downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access COVERED INFORMATION under this Order. If the user is unable to password protect and/or encrypt the device, then the COVERED INFORMATION shall be password protected and/or encrypted at the file level.

   d. COVERED INFORMATION in paper format is to be maintained in a secure location with access limited to persons entitled to access COVERED INFORMATION under this Order; and

e. Summaries of COVERED INFORMATION, including any lists, memorandum, indices or compilations prepared or based on an examination of COVERED INFORMATION, that quote from or paraphrase COVERED INFORMATION in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying COVERED INFORMATION.

If the Receiving Party discovers a breach of security[1] relating to the COVERED INFORMATION of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

20. **Filing of COVERED INFORMATION**: Without written permission from the Producing Party or a Court Order, a Party may not file in the public record in the Litigation any COVERED INFORMATION. The Parties shall comply with Local Rule 5.4 and the CM/ECF Administrative Procedures of the United States District Court for the Southern District of Florida when seeking to file COVERED INFORMATION under seal.

21. **No Loss of COVERED INFORMATION Status by Use In Court Proceeding or Appeal**: If COVERED INFORMATION is used in any proceeding in the Litigation it shall not lose its designated status through such use. Notwithstanding any other provision of this Order, the

---

[1] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of COVERED INFORMATION by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing COVERED INFORMATION.

Parties agree to meet and confer and to exert their best efforts to develop an appropriate procedure to prevent the disclosure of CONFIDENTIAL Material or HIGHLY CONFIDENTIAL Material before COVERED INFORMATION may be used at any hearing, mediation, or other proceeding in accordance with the other provisions of this order. Absent agreement, the Producing or Designating Party shall ask the Court to issue an order governing the use of Confidential Material and Highly Confidential Material at any hearing, mediation or other proceeding.

22. **Covered Information at Trial**. This Protective Order shall not apply to Covered Information that is properly disclosed at the trial. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial consistent with the applicable Case Management Order. Notwithstanding the foregoing, this Order shall continue to apply after trial to all COVERED INFORMATION not disclosed during the trial.

23. **Third Party Request or Demand for Disclosure**: Should any person bound by this Order receive a subpoena or other process from a third party seeking the disclosure of COVERED INFORMATION, that person shall give notice immediately to the Parties or Third Parties who produced or designated the COVERED INFORMATION so that the Party or Third Party may seek appropriate relief, unless the third party making the request is a governmental entity that requires that the request not be disclosed. No person bound by this Order who receives a subpoena, civil investigative demand, or other process seeking COVERED INFORMATION shall produce such documents or information unless (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is consented to by the Party or Third Party that produced or designated the COVERED INFORMATION, as the case may be.

Case 9:17-cv-81070-BB Document 20-1 Entered on FLSD Docket 09/06/2018 Page 14 of 20
Case 1:18-cv-11150-GBD-SN Document 201-5 Filed 05/13/19 Page 13 of 19
CASE NO. 9:17-cv-81070-BB

24. **Protective Order Remains In Force**: This Protective Order shall remain in force until modified, superseded, or terminated by consent of the Parties or by order of the Court. This Protective Order shall survive the termination of the Litigation. The Court retains jurisdiction after termination of the above-captioned litigation to enforce and modify this Protective Order.

25. **Violations of this Order**: If any person violates this Order, the aggrieved Producing or Designating Party should apply to the Court for relief. The Parties and any other person subject to this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order.

## COMPLETION OF LITIGATION

26. Within one hundred twenty (120) days after the final resolution of the Litigation (including resolution of all appellate proceedings), all Discovery Material and copies of them (other than exhibits of record) produced by a Party or Third Party which contain COVERED INFORMATION shall be either returned to the Party or Third Party who produced the COVERED INFORMATION, or destroyed. Upon request of the Party or Third Party who produced or supplied the COVERED INFORMATION, all counsel of record who received such documents shall certify compliance herewith and shall deliver the same to counsel for the Party or Third Party who produced or supplied the COVERED INFORMATION not more than thirty (30) days after the 120-day period above has run. Outside counsel of record for the Parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product.

   a. Within 120 days of receiving notice of the entry of an order, judgment or decree ending their participation in this litigation or finally disposing of the Litigation, including any appeals, all persons having received COVERED INFORMATION shall provide to Producing Party their protocol for the

removal and disposal of any electronically stored COVERED INFORMATION including from all computer systems, servers, backup systems and devices, including copies which may be on any external or other internal storage systems and devices.

## PROTECTED DATA

26. The term "PROTECTED DATA" shall refer to any information that a Party believes in good faith to be subject to foreign data protection laws. Examples of such data protection laws include, but are not limited to: Laws governing production of documents in London such as CPR 31.22, CPR 5.4C(1) and CPR 5.4C(2); The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq.(financial information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal information) and especially the EU Member States' laws transferring such Directive into national laws, such as the Data Protection Act 1998 (c. 29) (United Kingdom personal information), Federal Data Protection Act ((Bundesdatenschutzgesetz — BDSG) (Germany personal information), the German Telecommunications Act (the intercepting of electronic communications) defined therein. The Stipulated Protective Order is incorporated herein by reference and the procedures contained in Exhibit A not explicitly addressed by this Protective Order, *e.g.,* depositions, shall control how PROTECTED DATA shall be treated in those proceedings.

27. PROTECTED DATA constitutes highly sensitive materials, pursuant to applicable foreign law or regulation, requiring special protection and shall be treated in the same manner as

HIGHLY CONFIDENTIAL Material for all purposes including, but not limited to, the provisions of this Stipulated Protective Order regarding the designation, disclosure, use, security, and filing

28. Each Designating Party that produces or discloses any material that it reasonably believes contains or comprises PROTECTED DATA shall so designate the same. Such a designation is a representation that the Designating Party reasonably believes that the document contains PROTECTED DATA. The parties will use reasonable care to avoid designating as PROTECTED DATA Discovery Material that does not contain PROTECTED DATA. For each production that a Designating Party designates Discovery Material as PROTECTED DATA, the Designating Party will: (1) identify the applicable law(s) that would be violated by a failure to so designate; and (2) identify the type of Protected Data that has been designated.

29. A Producing Party may redact from any Discovery Material: (i) the following categories of sensitive personal information: birth dates, driver's license numbers, social security numbers, credit card numbers, racial or ethnic origin, political opinions, religious or philosophical beliefs, trade-union membership, and health or sex life. The Producing Party shall mark the Discovery Material where PROTECTED DATA has been redacted with a legend stating "PROTECTED DATA", "PD" or comparable indicator. Where Discovery Material consists of more than one page, each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such Discovery Material. PROTECTED DATA, however, shall not be redacted to the extent it directly relates to an individual named as a Party in the Litigation. PROTECTED DATA of an individual named as a Party shall otherwise receive the same protections and treatment afforded to other PROTECTED DATA under this Protective Order. For each production that a Designating Party redacts as PROTECTED DATA from Discovery Material, the Designating Party will (1) identify the

applicable law(s) that would be violated by a failure to redact; and (2) identify the type of PROTECTED DATA that has been redacted. A Designating Party will accommodate reasonable requests to provide such information for particular redactions in the production if the Receiving Party is not otherwise able to ascertain the information.

## ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION

30. The protection afforded by this Order in no way affects a party's or non-party's right to withhold documents as privileged under the attorney-client privilege, work product immunity, or other privilege or immunity or as otherwise exempted from discovery. If such information is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a producing entity has inadvertently produced information subject to a claim of immunity or privilege, that party may request its return through formal written notice to all receiving entities, and in doing so shall provide a privilege log describing the basis for the assertion of the immunity or privilege. Upon such request, all receiving parties shall promptly return or destroy the information for which a claim of inadvertently produced information was made within fourteen (14) days and treat those materials as if they had been initially withheld from the production. Nothing in this paragraph shall limit the ability of a party to challenge any other party's assertion of privilege or immunity with respect to any document.

DONE AND ORDERED in chambers at Miami, Florida this 12th day of January, 2018.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

# EXHIBIT "A"

Case 9:17-cv-81870-BB Document 15-1 Entered on FLSD Docket 09/18/2018 Page 17 of 19

Case 9:17-cv-81070-BB Document 20 Filed 05/09/16 Page 18 of 20

**CASE NO. 9:17-cv-81070-BB**

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:17-cv-81070-BB

HARRY SARGEANT, III,

    Plaintiff,

v.

MAROIL TRADING, INC.,
SEA PIONEER SHIPPING CORPORATION, and
WILMER RUPERTI PEDROMO, individually,

    Defendants.

_____

## **ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

    I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in Case No. _____ by the United States District Court for the Southern District of Florida (hereinafter, "the Protective Order").

    I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

    I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

    If I receive documents or information designated as CONFIDENTIAL Material or HIGHLY CONFIDENTIAL Material (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

Case 9:17-cv-81070-BB Document 20-1 Entered on FLSD Docket 09/18/2018 Page 20 of 20
Case 9:17-cv-81070-BB Document 176 Entered on FLSD Docket 09/06/2018 Page 19 of 19
**CASE NO. 9:17-cv-81070-BB**

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of Florida for resolution of any matters pertaining to the Protective Order.

My address is _____

My present employer is _____

Dated: _____

Signed: _____